IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 05-222 (RBW) |
| DONNELL FITZPATRICK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant, Donnell Fitzpatrick, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence allegedly seized from him and all statements allegedly made by him because this evidence was obtained in violation of the Fourth Amendment, and because the statements were made in violation of the Fifth and Sixth Amendments, involuntarily, without Mr. Fitzpatrick being properly advised of, or validly waiving his <u>Miranda</u> rights. The motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**[1]

Mr. Fitzpatrick is charged by indictment with possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.

The alleged facts are as follows: On April 9, 2005 at approximately 10:00 p.m., D.C.

---

[1] This statement of facts is a summary based on pretrial discovery received from the government. By including in this motion the facts as alleged by government witnesses, Mr. Fitzpatrick does not in any way concede that these facts are accurate or true.

Metropolitan police officers were on patrol in the 2200 block of Prout Street, S.E.  Officers allegedly noticed Mr. Fitzpatrick walk past their vehicle with his hand under his shirt.  Officers stopped Mr. Fitzpatrick and discovered the firearm with which he is charged.  At some point, Mr. Fitzpatrick was questioned regarding this gun and he stated, "I just brought it" and that he got the gun the day before because guys were always picking on him.

In this motion, Mr. Fitzpatrick seeks suppression of the firearm seized in violation of the Fourth Amendment and suppression of any statements he made in violation of the Fifth Amendment, the Sixth Amendment, and Miranda.

## DISCUSSION

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable."  See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995).  In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause.  See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985).

In the instant case, the stop and seizure of Mr. Fitzpatrick were conducted without a warrant, and stop and seizure by law enforcement officers were unreasonable considering that he was stopped and seized without any probable cause or based on any other legitimate exception to the warrant requirement.  Therefore,  Mr. Fitzpatrick's stop and seizure violated the Fourth Amendment of the United States Constitution, and exclusion of any evidence recovered from him after his seizure must be suppressed as tainted fruit of the illegal seizure.  Taylor v. Alabama, 457 U.S. 687 (1982).

Additionally, before introducing any statement Mr. Fitzpatrick made at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of

proving that the statement was voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  See, e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation."  See Mincey v. Arizona, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957).  See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Lastly, Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 110 S. Ct. 2638, 2643-44 (1990).

A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way."  Miranda, 384 U.S. at 444.  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation."  Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted).  In this case, Mr. Fitzpatrick was clearly in custody for Miranda purposes at the time he made the statements.  He was immediately seized by police and was not free to leave.  The evidence at the hearing will establish that any alleged

statement was made before Mr. Fitzpatrick was properly advised of his Miranda rights. Accordingly, any alleged statements must be suppressed, and any evidence obtained as a result of statements should be suppressed.  See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).

          **_____CONCLUSION**

      For the foregoing reasons, Mr. Fitzpatrick asserts that his stop and seizure were unlawful. If the government disagrees, it should be required to justify the stop, search and arrest of Mr. Fitzpatrick at a hearing. If it cannot do so, Mr. Fitzpatrick respectfully requests that this Court suppress any evidence seized and any statement made as a result of his unconstitutional stop and arrest or for failure to abide by the mandates of the Fourth, Fifth and Sixth Amendments and <u>Miranda</u>. Mr. Fitzpatrick respectfully requests an evidentiary hearing on this motion.

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        _____/S/_____
                                        Tony Axam, Jr.
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W., Suite 550
                                        Washington, D.C. 20004
                                        (202) 208-7500