UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-0222 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DONNELL FITZPATRICK, | : | |
| | : | |
| Defendant. | | |

### GOVERNMENT'S NOTICE OF INTENTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. The defendant is charged with unlawful possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). He has been previously convicted of the following offenses:

    a.    The felony offense of assault and battery on a police officer, which was committed on or about October 7, 2001, and for which the defendant was convicted in case no. CR02-55, in the Circuit Court of Arlington County, Virginia, on July 26, 2002.

    b.    The felony offense of assault and battery on a police officer, which was committed on or about October 7, 2001, and for which the defendant was convicted in case no. CR02-56, in the Circuit Court of Arlington County, Virginia, on July 26, 2002.

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one year's imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. FED. R. EVID. 609(a)(1). Among others, defendant has been convicted twice of assault and battery on a police officer, both of which carried sentences of greater than one year. Both convictions took place approximately four years ago. This Court should permit the use of the convictions to impeach the defendant because its probative value outweighs any prejudicial effect. See United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The charge in this case stems from the defendant's alleged possession of a firearm on April 9, 2005. Should the defendant choose to testify, his credibility will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, his prior convictions are especially probative in that they evince a conscious a disrespect for the law, and consequently for the authority of police officers.[1]

In addition, the fact that the defendant's convictions are for assaults, has little bearing on the question of their admissibility. Indeed, in Lipscomb, D.C. Circuit, sitting *en banc*, noted in dictum the very question of the admissibility of crimes of violence for impeachment purposes:

---

[1] The Code of Virginia Annotated requires that in order for an individual to be convicted of assault on a police officer, the individual must first know that the victim is a police officer. See VA. CODE ANN. § 18.2-57 ("[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer as defined hereinafter . . . .").

> [T]o say that violent crimes have no 'direct bearing' on veracity is not to say that they have no bearing. Moreover, any statement that felonies involving violence have no bearing on veracity at all would be inconsistent with admitting convictions for these felonies unless the prejudicial effect "far outweighs" the probative value.

Lipscomb, 702 F.2d at 1058 n.36.  See also United States v. Tracy, 36 F.3d 187, 192-94 (1st Cir. 1994) (admitting evidence of assault while armed as impeachment evidence in case brought under 18 U.S.C. § 922(g)).

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id.  Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value.  In United States v. Lewis, 626 F.2d 940 (D.C. Cir. 1980), the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.  Here, the risk of prejudice is particularly minimized by the fact that the defendant's prior convictions are not for firearms-related offenses.  See, e.g., United States v. Lewis, 926 F.2d 940, 951 (D.C. Cir. 1980) (discussing the admissibility of prior narcotics convictions in narcotics cases).

Certainly, to limit any prejudice, the court can – and should – instruct the jury as to the extent to which they may consider evidence of the defendant's prior convictions.

**III.  Fed. R. Evid. 609(b).**

4.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of

more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, both convictions occurred within the past ten years. Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY
>
>BY: _____
>ELLIOT WILLIAMS
>Assistant United States Attorney
>555 4th Street, N.W. Room 4108
>Washington, D.C. 20530
>(202)514-5241