IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 05-222 (RBW) |
| DONNELL FITZPATRICK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S MOTION IN LIMINE TO STRIKE
SURPLUSAGE FROM THE INDICTMENT**

Pursuant to Fed. R. Crim. P. 7(d), defendant Donnell Fitzpatrick, through undersigned counsel, respectfully requests that this Court issue an order striking the following language from the body of the indictment: "in Arlington County, Virginia, Criminal Case No. CR 02-55 and CR 02-56." The phrase is prejudicial, is irrelevant to the charge, and is not language required by the statute under which Mr. Fitzpatrick is charged. The surplusage serves no necessary purpose in this case.

**ARGUMENT**

Mr. Fitzpatrick is charged in Count One of the indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charging language of the indictment includes not only reference to 18 U.S.C. § 922(g)(1) itself, but also the specific jurisdiction and case numbers of the prior convictions.

Rule 7(d) of the Federal Rules of Criminal Procedure states that "[u]pon the defendant's

motion, the court may strike surplusage from the indictment or information." "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment . . . or not essential to the charge . . . or unnecessary . . . or inflammatory." United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted). In this case, because the language at issue contains both a prior conviction from a separate jurisdiction and suggests that there are two convictions, it makes Mr. Fitzpatrick appear to have a criminal disposition that spans this geographical region. It is prejudicial to Mr. Fitzpatrick.

     Additionally, there is no legitimate purpose for including the above-quoted language in the indictment. Section 922(g)(1) of Title 18 makes it a federal offense for an individual to possess a firearm if that individual "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." When a person is charged with violating a statute, the only charging language necessary is the alleged violation under the statute. Mr. Fitzpatrick plans to stipulate to the existence of his prior conviction for an offense punishable by imprisonment for a term exceeding one year. Such a stipulation would remove the need for the government to present to the jury evidence of the nature of Mr. Fitzpatrick's prior conviction under 18 U.S.C. 922(g)(1) and Old Chief v. United States, 519 U.S. 172 (1997) (allowing a defendant to stipulate to a prior conviction so that he is not prejudiced by its introduction by the government). Because the above-quoted language is prejudicial, finds no tether in the statutory language and serves no legitimate purpose, this Court should strike it from the indictment.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Donnell Fitzpatrick requests this Court to strike the above-quoted surplusage from the indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion in Limine was served this 16th day of December, 2005 by electronic means for the Office of the United States Attorney at the United States District Courthouse for the District of Columbia for:

Lynn Holliday, Esq.
Office of the United States Attorney
for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20001

_____/S/_____
Tony Axam, Jr.