IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNELL FITZPATRICK, )<br>)<br>Defendant. )<br>_____) | Criminal No. 05-222 (RBW) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Donnell Fitzpatrick, through undersigned counsel, respectfully proposes the following jury instructions:[1]

**I.   GENERAL INSTRUCTIONS.**

1.03    Preliminary Instruction Before and During the Trial

1.04    A.  Stipulation of Fact

1.05    Cautionary Instruction Prior to First Recess

1.07    Question Not Evidence

1.10 (A) Evaluation of Prior Inconsistent Statement of a Witness-Impeachment (if applicable)

1.10 (B) Evaluation of Prior Inconsistent Statement of a Witness-Substantive Evidence (if

      applicable)

1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

2.01    Function of the Court

---

[1] The numbered instructions listed below are taken from the "Redbook" instructions printed in <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. 1993).  Mr. Fitzpatrick reserves the right to submit a theory-of-defense instruction and to propose additional instructions based upon the evidence at trial.

2.02   Function of the Jury

2.03   Jury's Recollection Controls

2.04   Evidence in the Case - Stipulations

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence

2.08   Burden of Proof - Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses

2.13   Number of Witnesses

2.14   Nature of Charges Not to Be Considered

2.26   Police Officer's Testimony

2.27   Failure of Defendant to Testify (if applicable)

2.28   Defendant as Witness (if applicable)

2.54   Multiple Defendants – Multiple Counts


II.    **INSTRUCTIONS ON CHARGED OFFENSE**

   A.    **Count One (18 U.S.C. § 922(g)(1)).**

4.79 Possession of Firearm[2]

---

[2] The statute refers to persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year. Mr. Fitzpatrick requests that the Court and the government, throughout the trial, use this terminology, as opposed to the word "felon." Instruction 4.79 can be easily modified to accomplish this objective.

In addition to Instruction 4.79, the defense requests the following instruction regarding Mr. Fitzpatrick's prior conviction:

> The only relevance of Mr. Fitzpatrick's prior conviction is for purposes of determining whether Mr. Fitzpatrick falls within the category of individuals who are covered by the statute. This prior conviction may not in any way be considered by you for any other purpose. It may not be considered by you for purposes of determining whether it is more likely or less likely that Mr. Fitzpatrick possessed the gun and ammunition charged in the indictment.

3.08    Possession - Defined

### III.    CLOSING INSTRUCTIONS.

2.71    Election of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations

2.75    Communications Between Court and Jury During Jury's Deliberations

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/S/_____
        Tony Axam, Jr.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C. 20004
        (202) 208-7500

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Jury Instructions were served this 16th day of December, 2005 by electronic means for the Office of the United States Attorney at the United States District Courthouse for the District of Columbia for:

> Lynn Holliday, Esq.
> Office of the United States Attorney
> for the District of Columbia
> 555 Fourth Street, N.W.
> Washington, D.C. 20001

> _____/S/_____
> Tony Axam, Jr.