UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-0222 (RBW) |
| | : | |
| DONNELL FITZPATRICK, | : | |
| | : | |
| Defendant | : | |

**GOVERNMENT'S PROPOSED VOIR DIRE AND JURY INSTRUCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following proposed Voir Dire Questions, and Jury Instructions:

**I. Voir Dire.**

   **A. Questions.**

   1. Introduction and description of case with dates, locations, charges.

      This case involves allegations of the defendant unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year. The incident underlying these charges is alleged to have occurred on April 9, 2005, at 2222 Prout Street, S.E., Washington D.C. Does any member of the panel know anything about the facts and circumstances of this case?

   2. The United States is represented in this case today by Assistant United States Attorney Robert Feitel. Do any members of the panel know him? Mr. Fitzpatrick is represented by Mr. Tony Axam. Do any members of the panel know either Mr. Fitzpatrick or Mr. Axam?

   3. The government will call a number of witnesses to testify during the trial. The defense may also, but is not required to call witnesses. Mr. Feitel will now read a list of names of witnesses that you may hear from and of people that you may hear about during the trial. The defense will do the same **[if they wish.]** Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses in this case. Do any members of the panel know any of the people just announced?

4. Mr. Fitzpatrick – like all defendants – is presumed innocent unless and until the government proves his guilt beyond a reasonable doubt. Is there anyone who cannot accept this and presume that Mr. Fitzpatrick is innocent? This presumption of innocence can only be overcome, if the government proves Mr. Fitzpatrick's guilt beyond a reasonable doubt. Is there anyone who cannot accept this standard?

5. If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offenses beyond a reasonable doubt, you must find the defendant not guilty." Is there anyone who could not follow this instruction?

6. Is any member of the panel, or any close friend or relative currently or previously employed as a law enforcement officer? A law enforcement officer would be someone who works for the United States Customs Service, Drug Enforcement Administration, Metropolitan Police Department, the Capitol Police, the Park Police, the Secret Service, the Federal Bureau of Investigation, the D.C. Department of Corrections, and other law enforcement agencies.

7. Do any of you now, or have you within the past ten years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

8. Would any member of the panel tend to believe or disbelieve the testimony of a law enforcement officer just because he or she is a law enforcement officer? Would any member of the panel tend to give more or less weight to the testimony of a law enforcement officer than given to testimony by other witnesses?

9. Does any member of the panel believe that law enforcement officials (this includes members of any law enforcement agency, such as the United States Customs Service, Drug Enforcement Administration, Metropolitan Police Department, the FBI or U.S. Marshal Service) are not trustworthy or that they tend to fabricate information or evidence?

10. Has any member of the panel or a close friend or relative studied law or had any legal training, including paralegal training?

    a. In what areas of law has that training or practice been?

    b. Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

    c.    If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability to be fair and impartial in this case?

11. Is any member of the panel or a close friend or relative presently employed, or ever been employed, by a defense attorney, defense law firm, or a prosecutor's office?

    a.    In what capacity?

    b.    Would that affect your ability to render a fair and impartial verdict?

12. Do any of you, your close friends or relatives presently have pending application for employment with the United States Attorney's Office, the public defender service, or a defense attorney?

13. Has any member of the panel or any family member or a close friend ever been the victim of, a witness to, or charged with, a criminal offense?

14. This case involves allegations of possessing a firearm. Does anyone have such strong feelings about possessing a firearm that the nature of the charges would make it difficult for you to be fair and judge this case on the evidence presented in court?

15. Is anyone a member of an organization that either opposes or promotes limitations on the possession of firearms?

16. Has any member of the jury panel ever served on a petit or grand jury, either federal or local, before?

    a.    If petit jury, what kind of case? What was the result of the trial?

    b.    If grand jury, do you understand that the proof requirement before a grand jury is one of "probable cause," while the government at this trial must present proof beyond a "reasonable doubt"?

17. Do any members of the panel have any religious, social, or moral beliefs, which would affect your ability to sit in judgment in a criminal case?

18. Does any member of the panel know any other member of the panel? Would that affect your ability to decide the case for yourself based on your individual judgment?

19. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Is there anyone who – for any reason – would not be able to accept and follow the Court's instructions regarding the law?

20. The presentation of evidence in this trial may last about one to two days. The length of deliberations is determined by the jury itself. Is there any member of the panel who has an urgent or extremely important matter to attend to this week such that you would be faced with a hardship if selected for the jury in this case?

21. Are any of you presently taking any medication which might cause drowsiness, or experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case?

22. Do any members of the panel know any other reason, not already discussed, why you feel you cannot sit as a juror in this case and render a fair and impartial verdict in this case, based solely on the evidence presented?

**B. Procedure.**

The government asks that the Court use the following procedure for voir dire: The Court would ask the foregoing questions and instruct the venire to record the number of any questions to which they have a response on an index card. When the questions are completed, the Court would call each potential juror to the bench. Those potential jurors who have recorded numbers on their cards would be asked follow-up questions regarding those questions, and those who have not recorded any numbers would be briefly interviewed by the Court to insure that they heard the questions and understood the process and have nothing to disclose. We note that Judges Urbina and Roberts use this method.