**II. Jury Instructions.**

**A. Preliminary Instructions.**

**Instruction 1.03**[1]
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions which I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.02 A**
**NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. I want to emphasize that none of you is required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[1]Unless otherwise indicated, all instructions are based on the <u>Criminal Jury Instructions for the District of Columbia</u>, 4th ed.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. They will be collected by the clerk and given to me to keep. No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

**Instruction 1.21**
**IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen of you sitting in the jury box. Only twelve of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.22**
**JUROR'S RECOGNITION OF A WITNESS OR**
**OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, potential witnesses were identified to you by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this

case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. Assistant United States Attorney Robert Feitel will present the evidence in support of the charges in the indictment.

[READ THE INDICTMENT]

You should understand clearly that the indictment that I just read is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. To prove these offenses, the government must prove beyond a reasonable doubt each of the elements of these offenses.

## Form Instruction 4.79

### GUN CONTROL ACT-- POSSESSION OF FIREARM AFTER CONVICTION OF

### FELONY

### 18 U.S.C. Section 922(g)

[Instruction 4.86 in 1978 Edition]

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm, that is, a [handgun] [shotgun] [rifle] [muffler or silencer] [destructive device];

2. That the firearm had been shipped or transported from one state to another; and

3. That, at the time the defendant possessed the [describe the firearm], the defendant had been convicted of a felony, that is, [insert name of felony].

[The term [handgun] [shotgun] [rifle] [destructive device] means [insert appropriate definition from 18 U.S.C. Section 921 .]

The term "felony" means any offense punishable by imprisonment for a term exceeding one year. You are instructed as a matter of law that [ ^ ] is a felony.

An act is done knowingly if the defendant was conscious and aware of his/her act, realized what s/he was doing, and did not act because of mistake, inadvertence, or accident.

[It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement

8

originates in one state and passes through another state. The District of Columbia is considered a

state for this purpose.] [The interstate character of transport begins when the property is set aside

for interstate transportation and comes into the possession of those who are assisting its

movement in interstate transportation, and continues until the property arrives at its destination

and is delivered.]

[The government may meet its burden of proving a connection between interstate

commerce and possession of a firearm by a convicted felon if it is demonstrated that the firearm

possessed by a convicted felon had previously traveled in interstate commerce. It is not necessary

that the government prove that the defendant purchased the gun in some state other than that

where s/he was found with it or that s/he carried it across a state line, nor must the government

prove who did purchase the gun. It is necessary only that the government prove that the

defendant, having previously been convicted of a felony, knowingly possessed a firearm that, at

some time, had previously traveled in interstate commerce.]

**Instruction 1.05[2]**
**CAUTIONARY INSTRUCTION**
**PRIOR TO FIRST RECESS**

We are about to take our first break and it is important that you follow certain instructions

whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not

discuss it with anyone – not with the parties, witnesses, attorneys or anyone else connected with

---

[2]We ask that the Court give this instruction before the first break that is taken during *voir dire.*

the case. You must not even discuss it with your fellow jurors, friends or family members. To be fair to both the government and the defendant, you should keep an open mind throughout the trial. You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters and parties to this case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can. However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention. If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in

10

the case and they turn and walk away from you, they are not being rude.  They are merely trying

to avoid any contact with you as I have instructed them.

**B.  Final Instructions.**

Ladies and gentlemen of the jury, you are about to hear the closing arguments of counsel

concerning the evidence in this case.  At this time, it is my duty and responsibility as the trial

judge to give you instructions as to the law that applies to this case and to the evidence that has

been presented.  It is your sworn duty to base your verdicts upon the law given in these

instructions and upon the evidence that has been admitted in this trial.

**Instruction 2.01**
**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on

questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the

instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule

of law.

**Instruction 2.02**
**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case.  You are the sole

judges of the facts.  You alone decide what weight to give to the evidence presented during the

trial.  You decide the value of the evidence and the believability of the witnesses.

11

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

### Instruction 2.03
### JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

### Instruction 1.02
### NOTETAKING BY JURORS

B.   FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use.

12

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction 2.04**
**EVIDENCE IN THE CASE --**
**JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, [the facts of which I took judicial notice], and [the facts and testimony stipulated to by the parties].

[The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of _____. [You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.]]

[During the trial, you were told that the parties had stipulated – that is, agreed to – certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.]

[During the trial, you were told that the parties had stipulated – that is, agreed to – what testimony a particular witness would have given if s/he had testified in this case. You may

13

consider this stipulated testimony as exactly what this witness would have said had s/he testified.]

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 1.08**
**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 2.05**
**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

14

**Instruction 1.07**
**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer -- not the lawyer's question.  A lawyer's question is not evidence.

**Instruction 2.06**
**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him to trial.  You must not consider the indictment as evidence of any kind – you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction 2.07**
**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

**Instruction 2.08**
**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent.  This presumption of

innocence remains with the defendant throughout the trial unless and until he is proven guilty

beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable

doubt.  This burden of proof never shifts throughout the trial.  The law does not require a

defendant to prove his innocence or to produce any evidence.  If you find that the government has

proven beyond a reasonable doubt every element of the offense with which the defendant is

charged, you must find him guilty.  On the other hand, if you find the government has failed to

prove any element of the offense beyond a reasonable doubt, you must find the defendant not

guilty.

**REASONABLE DOUBT\***

As I have said many times, the government has the burden of proving the defendant guilty

beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you

were told that it is only necessary to prove that a fact is more likely true than not true. In criminal

cases, the government's proof must be more powerful than that.  It must be beyond a reasonable

doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

defendant's guilt.  There are very few things in this world that we know with absolute certainty,

and in criminal cases the law does not require proof that overcomes every possible doubt.  The

government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a

scientific certainty.  If, based on your consideration of the evidence, you are firmly convinced

16

that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from <u>Pattern Criminal Jury Instructions</u>, which was approved by the Court of Appeals in <u>United States</u> v. <u>Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993), and has been used recently by Judges Roberts and Robertson.)

**Instruction 2.10**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may find the truth as to the facts of a case – direct evidence and circumstantial evidence. When a witness asserts actual knowledge of a fact, such as an eyewitness, that witness's testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence. The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

17

**Instruction 2.11**
**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

18

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction 2.13
### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

### Instruction 2.14
### NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict.

19

You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

### Instruction 2.26
### POLICE OFFICER'S TESTIMONY

The testimony of a police officer or other law enforcement agent should be considered by you just as any other evidence in the case. In evaluating the agent's credibility you should use the same guidelines which you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement agent.

### Instruction 2.27
### FAILURE OF DEFENDANT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify. You must not draw any inference of guilt against the defendant because he did not testify.

**(If defendant chooses not to testify.)**

### Instruction 2.28
### DEFENDANT AS WITNESS

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

**(If defendant chooses to testify.)**

20

**Instruction 2.31**
**EFFECT OF REFUSAL OF WITNESS**
**TO ANSWER PROPER QUESTION**

The law requires every witness, including a defendant who chooses to become a witness in a criminal case, to answer all proper questions put to him/her, unless the court rules otherwise.

The fact that a witness refuses to answer a question after being instructed by the court to do so may be considered by the jury in determining whether you believe the witness and the weight his/her testimony deserves.  However, you must not guess what the witness would have said if s/he had not refused to answer the question.

**(If appropriate.)**

**Instruction 3.02**
**PROOF OF STATE OF MIND**

Someone's intent or knowledge or both ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

21

**C. Closing Remarks.**

**Instruction 2.71**
**ELECTION OF FOREPERSON**

When you return to the jury room, you should first select one of your members to be the foreperson. The foreperson should preside over your deliberations and will be your spokesperson here in court.

**Instruction 2.72**
**UNANIMITY**

The verdicts must represent the considered judgment of each juror. In order to return verdicts, each juror must agree to the verdicts. Your verdicts must be unanimous.

**Instruction 2.73**
**EXHIBITS DURING DELIBERATIONS**

I am sending the exhibits – except the firearm – that has been admitted into evidence with you as you start your deliberations. You are entitled to see any or all of these exhibits as you deliberate. If you wish to see the firearm, please send and note and I will send the firearm back to you.

**Instruction 2.74**
**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the

evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

### Instruction 2.75
### COMMUNICATIONS BETWEEN COURT AND JURY
### DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict.  This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

### Instruction 2.76
### FURNISHING THE JURY WITH A COPY OF
### THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not

23

discourage you from making an inquiry regarding the meaning of these instructions if necessary.

Please return the instructions to me when your verdict is rendered.


**Instruction 2.77**
**USE OF VERDICT FORMS -- NOTE**

A verdict form has been prepared for your convenience.  You will take this form

to the jury room.  the verdict form is not evidence but rather is provided to assist you.  Nothing in

the verdict form is intended to suggest or convey any opinion by the Court regarding what the

verdicts should be.  When you have reached a unanimous decision on each count, the foreperson

should sign and date the verdict form and return it to the Court once a decision has been reached.


**D.  Miscellaneous Instructions If Needed.**

WHEREFORE, the government submits the foregoing proposed Voir Dire

Questions and Jury Instructions.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney


_____

LYNN C. HOLLIDAY
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4235
Washington, DC 20001
(202) 616-9550