UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-0222 (RBW) |
| | : | |
| DONNELL FITZPATRICK, | : | Plea Hearing: April 28, 2006 |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' SUBMISSION TO THE COURT IN PREPARATION FOR
THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

**I.    CHARGED OFFENSES:**

The defendant is charged in a one count indictment with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and is further charged in a three count Superseding Information with one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), one count of Attempted Carrying a Pistol Without a License (Outside Home or Place of Business), in violation of 22 D.C. Code §§ 4504(a) and 1803 (2001 ed.), and one count of Possession of an Unregistered Firearm, in violation of 7 D.C. Code, § 2502.01 (2001 ed.).

**II.     PLEA OFFENSES:**

The defendant is pleading guilty to counts two and three of the Superseding Information charging him with Attempted Carrying a Pistol Without a License (Outside Home or Place of Business), in violation of 22 D.C. Code §§ 4504(a) and 1803 (2001 ed.), and Possession of an Unregistered Firearm, in violation of 7 D.C. Code, § 2502.01 (2001 ed.).

**III.    ELEMENTS OF THE OFFENSES:**

A.      The essential elements of the offense of Attempted Carrying A Pistol Without A License (Outside Home or Place of Business), in violation of D.C. Code § 22-4504(a) and 1803 (2001 ed.) are:

1.  That the defendant attempted to carry a pistol openly or concealed on or about his person;

2.  That the defendant attempted to carry the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently;

3.  That the defendant was not licensed to carry a pistol by the Chief of Police of the District of Columbia at the time he attempted to carry it; and

4.  That the defendant attempted to carry the pistol in a place other than his home, place of business, or land or premises possessed and controlled by him.

The term "pistol" means any firearm with a barrel less than twelve inches in length. A person carries a pistol on or about his person if it was on his person or if it was conveniently accessible to the defendant and within his reach.

The term "firearm" means any weapon which will expel a bullet or other projectile by means of an explosive.

B.   The essential elements of the offense of Possession of an Unregistered Firearm, in violation of 7 D.C. Code, Section 2502.01 (2001 ed.) are:

1. That the defendant possessed a firearm;

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently;

3. That the firearm had not been registered to the defendant as required by District of Columbia Law.

For purposes of this charge, a firearm is any weapon which will, or is designed or redesigned, made or remade, readily converted or restored, and intended to, expel a projectile or projectiles by the action of an explosive; the frame or receiver of any such device; or any firearm muffler or silencer.

### IV.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

### V.   PENALTIES:

Pursuant to 22 D.C. Code § 22-4504(a) and 1803, the crime of Attempted Carrying A Pistol Without A License (Outside Home or Place of Business) carries a maximum sentence of 180 days incarceration, a fine of not more than $1,000, or both.

Pursuant to 7 D.C. Code, §§ 2502.01 and 2507.06 (2001 ed.), the crime of Possession of an Unregistered Firearm carries a maximum sentence of one year incarceration, a fine of not more than $1,000, or both.

The Superior Court of the District of Columbia Voluntary Sentencing Guidelines do not apply to misdemeanors.

## VI.   FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On April 9, 2005 at approximately 10:00 pm, at 2222 Prout Street, SE, Washington, D.C., officers from the Metropolitan Police Department (MPD) Sixth District Gun Recovery Unit were on patrol. The officers observed an individual, later identified as the defendant, Donnell Fitzpatrick, cross the street directly in front of the marked police car, with his right hand under his shirt. Upon further observation, officers noticed that the defendant was holding what appeared to be the grip of a dark colored gun. The officers got out of their police car and stopped the defendant, at which time the officers removed a .38 caliber revolver from the defendant's waistband. The defendant was placed under arrest at that time.

The revolver was later examined and found to be a Taurus .38 Special revolver with a barrel length of four inches, an obliterated serial number, and a missing firing pin. A diligent search was made of the records relating to the issuance of licenses to carry a pistol in the District of Columbia, as well as records relating to the issuance of Firearm Registration Certificates. This search revealed that on April 9, 2005, Donnell Fitzpatrick did not have a license to carry a pistol in the District of Columbia, nor does he now have such a license, and further, that on April 9,

4

2005, Donnell Fitzpatrick did not have a Firearms Registration Certificate issued or pending for the Taurus .38 Special revolver recovered from his person.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to these offenses. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offenses.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN
                    United States Attorney
                    Bar No. 451-058

                    ROBERT J. FEITEL
                    Assistant United States Attorney
                    Bar No. 433-180
                    Federal Major Crimes Section
                    555 4th Street, N.W.   Room 4235
                    Washington, DC 20530
                    Robert.Feitel2@usdoj.gov
                    202.353.3706

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused a copy of the foregoing United States' Submission to the Court in Preparation for the Upcoming Plea Hearing to be served upon the attorney for the defendant, AFPD Tony Axam, this 20th day of April 2006.

                                                                         _____
                                                                           Robert J. Feitel
                                                                           Assistant United States Attorney